In re HENNINGS FEED AND CROP CARE, INC., Debtor.

Roger W. Stone, Trustee, Plaintiff,

v.

Ottawa Plant Food, Inc., Defendant.

Bankruptcy No. 99–72801.

Adversary No. 01–7091.

United States Bankruptcy Court, C.D. Illinois.

March 30, 2007.

Jeffrey D. Richardson, Decatur, IL, for Debtor/Trustee/Plaintiff.

Bruce A. Kugler, Peoria, IL, for U.S. Trustee.

Mark R. Sargis, Chicago, IL, Stephen A. Tagge, Thomas H. Wilson, Springfield, IL, for Defendant.

## ORDER

MARY PATRICIA GORMAN, Bankruptcy Judge.

This matter comes before the Court on the Motion In Limine of Ottawa Plant Food, Inc. ("Ottawa") To Bar Opinion Testimony From Plaintiff's Experts ("Motion"). The Motion was filed approximately two weeks before the trial was scheduled to commence and was initially heard by telephonic conference call during the week before the trial began. Because the case was tried without a jury, the Court took the matter under advisement and advised the parties that the expert

testimony would be heard during the trial and the Motion ruled on after conclusion of the trial. The Court now finds that the Motion should be denied.

The Trustee disclosed himself and Donald A. Wilkey as Plaintiff's expert witnesses. Each prepared a brief written report and testified at trial subject to the reservation of ruling on Ottawa's Motion. The Trustee's report outlined his educational and work experiences and disclosed that the Trustee has both a Bachelor of Science degree in business administration and a Master of Science degree in accounting. Further, the Trustee is a CPA and has previously been involved in a professional capacity with several business bankruptcy cases. In his report, he provided a brief explanation of the analysis he had undertaken regarding the sales of Hennings Feed and Crop Care, Inc. ("Hennings") to Ottawa and opined that his spread sheets, which calculated damages, were accurate. He further gave the opinion that at "all times involved in the analysis," Hennings was insolvent.

Donald Wilkey's report outlined Mr. Wilkey's history of employment over a 34-year period with Growmark, Inc., which is a co-operative enterprise engaged in the distribution of agricultural products. Mr. Wilkey reviewed a variety of source documents relating to Hennings' financial condition and also reviewed the Trustee's report and spread sheet calculations. Mr. Wilkey gave the opinion that the Trustee's work was accurate and provided a clear analysis of the transactions involving Ottawa.

■ In order for expert testimony to be admissible, it must be both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592–93, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993); *Frymire–Brinati v. KPMG Peat Marwick,* 2 F.3d 183, 186 (7th Cir.1993);

*Cummins v. Lyle Industries,* 93 F.3d 362, 368 (7th Cir.1996). *See also* Fed.R.Evid. 702. The expert testimony must relate to the issues at hand and aid in the resolution of the facts at issue. *In re Joy Recovery Technology Corp.,* 286 B.R. 54, 67 (Bankr. N.D.Ill.2002).

Ottawa's criticisms of the Trustee fall into several categories and come principally from a report prepared by Ottawa's expert, Patrick McNally. Some of Ottawa's criticisms are leveled at the Trustee's legal positions, which are not contained in the Trustee's report and which were not part of any expert opinion given by the Trustee. The Trustee testified, in large part, as an occurrence witness about his investigation of Hennings' books and records. Much of Ottawa's criticism relates to the Trustee's efforts to reconstruct records and seek out information. The fact that Hennings' books and records were in disarray is not a surprising fact in this type of bankruptcy case. Although Ottawa is free to criticize the Trustee's efforts, criticism of his work as a Trustee is not a basis to exclude his limited expert testimony. Further, disagreement with the Trustee's legal positions on certain issues is not a basis to exclude his expert opinions.

■ Ottawa's principal criticism of the Trustee's spread sheets and the Trustee's expert opinion on damages is that the Trustee failed to seek out and find additional rebates or incentives to collect, such as those based on unwritten programs. Thus, Ottawa suggests that the credits given for rebates on the Trustee's spread sheets are understated. This position ignores the bulk of the evidence which was that Hennings was not eligible for rebates based on its sales to Ottawa. The Trustee, rather gratuitously, gave Ottawa credit for both potential rebates and "early pay" discounts in calculating damages. As set forth in an Opinion entered this date, the

Court does not find that the Trustee was obligated to make such concessions. The Court, therefore, considers the Trustee's testimony about his research and calculation of rebate percentages as simply testimony about what he determined to be fair, as opposed to testimony about what he was obligated to allot to Ottawa. The testimony was reliable and relevant, and was helpful to the Court, thus meeting the standard for admissibility.

In the Opinion entered this date, the Court finds that the Trustee failed to meet his burden of proof on the issue of insolvency. This does not mean that the Trustee's testimony on this issue must be excluded. The Court found the Trustee to be credible and his testimony was helpful. The Court simply could not give sufficient weight to the testimony and other evidence on the issue of insolvency to find that the burden of proof had been met.

██ Ottawa's criticism of Mr. Wilkey was based principally on the fact that he had worked for a co-operative system which involves member dealers and where sales and purchases are generally made only within the system rather than throughout the market. Mr. Wilkey's testimony established, however, that he was well aware of the agricultural chemical market and his general testimony about the market was similar to many of the other witnesses called by Ottawa. Mr. Wilkey reviewed the Trustee's work and gave the opinion at trial that the Trustee had fairly calculated the rebate percentages used in the damage calculation. As set forth above, the rebate percentages were amounts that this Court has found were not required to be conceded to Ottawa and, therefore, the Court's consideration of the testimony of Mr. Wilkey is limited to the fact that he concurred that the amounts were fair. Overall, Mr. Wilkey's testimony was credible, reliable, and

relevant, and helped the Court to understand the evidence being presented.

For all of the reasons set forth above, Ottawa's Motion In Limine to Bar Opinion Testimony From Plaintiff's Experts should be denied.

It Is So Ordered.